UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO E. CALLE GRACEY, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>AMARANTH ADVISORS, LLC, NICHOLAS M. MAOUNIS, J.P. MORGAN CHASE & CO., and JOHN DOES NOS. 1-10,<br><br>        Defendants. | Case No. 07 Civ. 6377 (SAS)<br><br>**ECF Case**<br><br>JURY TRIAL DEMANDED |
| JOHN F. SPECIAL, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>AMARANTH ADVISORS, L.L.C., AMARANTH LLC, AMARANTH GROUP INC., AMARANTH INTERNATIONAL LIMITED, AMARANTH PARTNERS LLC, AMARANTH CAPITAL PARTNERS LLC, AMARANTH ADVISORS (CALGARY) ULC, NICHOLAS M. MAOUNIS, BRIAN HUNTER, MATTHEW DONOHOE, ALX ENERGY, INC., JAMES DeLUCIA, J. P. MORGAN FUTURES, INC., and J. P. MORGAN CHASE & CO.,<br><br>        Defendants. | Case No. 07 Civ. 7181 (SAS)<br><br>**ECF Case**<br><br>JURY TRIAL DEMANDED |

## [PROPOSED] PRETRIAL ORDER NO. 1

**WHEREAS**, the above captioned actions are presently pending before this Court;

**WHEREAS**, in order to promote judicial economy and avoid duplication, the Court finds

that it would be appropriate to provide for the consolidation of the above-captioned actions and

any related actions filed or transferred to this Court after the date of this Order ("Consolidated

Action") for pre-trial purposes and for an organization of Plaintiffs' counsel to coordinate the

efforts of counsel in the Consolidated Action.

 **ACCORDINGLY**, and for Good Cause Shown,

 **IT IS HEREBY ORDERED THAT:**

**I.** **CONSOLIDATION OF ACTIONS**

 1. The following actions are hereby consolidated for all purposes pursuant to Rule

42(a) of the Federal Rules of Civil Procedure: *Roberto E. Calle Gracey v. Amaranth Advisors*

*LLC, et al.*, Case No. 07 Civ. 6377, and *John F. Special v. Amaranth Advisors L.L.C.,* Case No.

07 Civ. 7181. The current actions and those of a like nature that may be consolidated with the

current actions are collectively referred to as "IN RE: AMARANTH NATURAL GAS

COMMODITIES LITIGATION," Master File No. 07 Civ. 6377 (SAS).

 2. This Order is made without prejudice to the right of any party to apply for

appropriate relief in, or with respect to, the consolidated Action.

**II.** **MASTER DOCKET AND SEPARATE ACTION DOCKETS**

 1. A Master Docket is hereby established for the proceedings both in the actions

consolidated herein and in all other cases subsequently consolidated herewith (hereinafter, "the

consolidated actions"). Entries in said Master Docket shall be applicable to these consolidated

actions as more fully set forth below. Separate dockets shall also be maintained for each of these

consolidated actions, and entries shall be made therein in accordance with the regular procedures

of the Clerk of this Court, except as modified by this Order.

 2. When a pleading is filed and the caption, pursuant to Section VI, infra, shows that

it is to be applicable to "All Actions," the Clerk shall file such pleading in the Master File and

note such filing in the Master Docket. No further copies need be filed, nor docket entries made.

## III.    MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for these consolidated actions. The Master File shall be Civil Action No. 07 Civ. 6377. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of these consolidated actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of these consolidated cases.

## IV.    NEWLY FILED OR TRANSFERRED ACTIONS

1.    When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

      a.    File a copy of this Order in the separate file for such action.

      b.    Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the actions consolidated herewith.

      c.    Make an appropriate entry in the Master Docket.

      d.    Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

      e.    Upon the first appearance of any new defendant(s) mail to the attorneys for the defendant(s) in such newly filed or transferred case a copy of this Order.

2.    Counsel for plaintiffs and defendants in the consolidated actions shall cooperate in calling to the attention of the Clerk any newly filed or transferred case.

**V.    APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES**

This Order shall apply to each case alleging claims similar to those set forth in these consolidated actions, which is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

**VI.    CAPTIONS OF CASES**

1.    Every pleading filed in these consolidated actions or in any separate action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AMARANTH NATURAL GAS COMMODITIES LITIGATION | MASTER FILE NO. 07-CV-6377 |
| This Document Relates To: | |

2.    When a pleading is intended to be applicable to all actions to which this Order is applicable, the words, "All Actions" shall appear immediately after the words, "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the name of the named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above, *e.g.*, "Civil Action No. 07-_____."

## VII.   FILING AND DOCKETING

1.      When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to "All Actions," the Clerk shall file such paper in the Master File and note such filing in the Master Docket.  No further papers need be filed or docket entries made.

2.      When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to less than all of the consolidated actions, the Clerk shall file the original of such paper in the Master File and a copy in the file of each specific action to which the paper is intended to be applicable, and shall note such filing in the Master Docket and in the docket of each such action.  It shall be the responsibility of the party filing such paper to supply the Clerk with sufficient copies of any document to facilitate compliance with the directions of this paragraph.

## VIII.   ORGANIZATION OF COUNSEL

1.      Pursuant to Fed. R. Civ. P. 23 (g)(2), the Court designates Louis F. Burke, P.C. and Lowey Dannenberg Bemporad Selinger & Cohen, P.C. as Co-Lead Counsel to act on behalf of all Plaintiffs in the consolidated cases, with the responsibilities hereinafter described.

2.      Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution of or resolution of their respective cases.

3.      No motion shall be initiated or filed on behalf of any Plaintiff in the case except through Co-Lead Counsel.

4.      Co-Lead Counsel shall have sole authority to communicate with Defendants'

counsel and the Court on behalf of all Plaintiffs unless that authority is expressly delegated to

other counsel.  Defendants' counsel may rely on all agreements made with Co-Lead Counsel,

and such agreements shall be binding on all other Plaintiffs' counsel in their respective cases.

5.      Co-Lead Counsel is authorized to create committees of plaintiffs' counsel as it

deems appropriate for the efficient prosecution of this action.  Any such committee shall operate

under the direct supervision of Co-Lead Counsel.

6.      Subject to any restrictions agreed upon or set forth in a protective order, all

discovery obtained by any Plaintiff in these cases may be shared with any other Plaintiff.  All

discovery obtained by any Defendant in these cases shall be deemed discovered in each of these

cases.

7.      All counsel shall make best efforts to avoid duplication, inefficiency and

inconvenience to the Court, the parties, counsel and witnesses.  However, nothing stated herein

shall be construed to diminish the right of any counsel to be heard on matters that are not

susceptible to joint or common action, or as to which there is a genuine and substantial

disagreement among counsel.

8.      Nothing herein shall limit the requirements on plaintiffs and plaintiffs' counsel set

forth in Fed. R. Civ. P. 23.

## IX.    TIME RECORDS

All plaintiffs' counsel shall submit to Co-Lead Counsel a record of the time expended

and expenses incurred by their respective firms in the form set forth by Co-Lead Counsel on a

monthly basis and Co-Lead Counsel shall determine if the time expended is appropriate.

## X.    SERVICE OF DOCUMENTS

**A.    Orders.** A copy of each order will be provided to Co-Lead Counsel for distribution as appropriate to other counsel and parties. A copy shall also be provided to counsel for Defendants.

**B.    Pleadings, Motions, and Other Documents.** The parties shall effect service of papers on each other by serving a copy of the paper by e-mail delivery.

## XI.    ADMISSION OF ATTORNEYS

Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or a defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings upon the proper filings and payment of fees as provided by this Court's Local Rules.

## XII.    CONSOLIDATED CLASS ACTION COMPLAINT

1.    Plaintiffs shall file a Consolidated Class Action Complaint ("Consolidated Complaint") on behalf of all Plaintiffs in the Consolidated Action on October 15, 2007. Defendants shall answer, move, or otherwise plead to the Consolidated Complaint by January 15, 2008. If Defendants, or any of them, file a motion under Rule 12 of the Federal Rules of Civil Procedure, Plaintiffs shall respond to the motion by March 14, 2008. Moving Defendants' reply brief shall be due by April 15, 2008. Defendants shall have no obligation to answer, move, or otherwise plead with respect to any of the previously filed complaints in the Consolidated Action. All other scheduling matters relating to, *inter alia,* discovery and motions, including class certification, will be addressed by the Court in a subsequent order.

2.      The Court's Order dated August 14, 2007 is hereby vacated and the pretrial

conference set for September 11, 2007 is adjourned *sine die.*


Dated:  _August 23_, 2007


SHIRA A. SCHEINDLIN
United States District Judge