## LOVELL STEWART HALEBIAN LLP

ATTORNEYS AT LAW
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
www.lshllp.com

TELEPHONE
(212) 608-1900

FACSIMILE
(212) 719-4677

September 11, 2007

RECEIVED
CHAMBERS OF

SEP 11 2007

JUDGE SCHEINDLIN

BY HAND

Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:   *Roberto E. Calle Gracey, et al. v. Amaranth Advisors*, LLC, 07 Civ. 6377;
*John F. Special, et al. v. Amaranth Advisors, L.L.C.*, 07 Civ. 7181;
*Alan Martin, et al., v. Amaranth LLC*, 07 Civ. 7592

Dear Judge Scheindlin:

On behalf of plaintiffs Alan Martin and Dax Partners LP in the third above-referenced commodity futures manipulation case, we respectfully request a conference prior to moving, pursuant to Sections I. 2. and V. of Pre-Trial Order No. 1 dated August 27, 2007 (the "PTO") to vacate the PTO and appoint Lovell Stewart Halebian LLP ("Lovell Stewart" or the "Firm") as a Lead Counsel.

Rule 23(g) of the Federal Rules of Civil Procedure provides a four-factor test that the court must follow in appointing "the applicant best able to represent the interests of the class." Fed R.Civ.P. 23(g)(2)(B). *Fogarazzo v. Lehman Bros., Inc.*, 232 F.R.D. 176, 182 (S.D.N.Y. 2005) (Scheindlin, J.) ((1) work done in identifying or investigating potential claims, (2) experience in class actions, other complex litigation, and claims of the type asserted, (3) knowledge of applicable law, and (4) resources counsel will commit).

The "experience in, and knowledge of, the applicable law in this field," is considered the "most persuasive" factor under Rule 23(g). *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 361 (E.D. Mich. 2005), quoting *In re Tetrazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004). Although commodity futures manipulation cases are rare, Lovell Stewart has been sole Lead or Co-Lead Counsel in all of the certified classes in commodity futures manipulation cases during the last fourteen years: Lead Counsel and Chairman of the Executive Committee in *In re Sumitomo Copper Litigation*, 74 F. Supp.2d 393, 395-96 (S.D.N.Y. 1999) (Pollack, J.) ("the largest class action recovery in the 75-plus year history of the Commodity Exchange Act. . . . achieved under trying circumstances in the face of virtually overwhelming resistance"; claiming class members in this settlement received 100% of their damages); sole Lead Counsel, at the Court's insistence, in *Chiu v. Pacific Investment Mgmt. Co.*, No. 05 C 4681 (N.D. Ill. Dec. 6, 2005) (Minute Order annexed as Exhibit A hereto); *see also Kohen v. Pacific Inv. Mgmt Co., LLC*, No. 05 C 4681, 2007 WL 2228696 (N.D.Ill. July 31, 2007)(collectively "*PIMCO*")

LOVELL STEWART HALEBIAN LLP

Hon. Shira A. Scheindlin
September 11, 2007
Page 2 of 3

(granting class certification and denying motion to dismiss); Chairman of Co-Lead Counsel in *In re Soybeans Futures Litigation*, 89 Civ. 7009 (U.S.D.C. N.D. Ill.) (wherein claiming class members recovered approximately 100% of their damages, exclusive of interest); Co-Lead Counsel in *In re Natural Gas Commodity Litigation,* No. 03 Civ. 6186 (S.D.N.Y. June 15, 2007) (VM) (final judgment approving $100.85 million settlements).[1]

    As Judge Guzman found in *PIMCO*, Lovell Stewart best satisfies factors 2, 3 and 4 of Rule 23(g) regarding the mandatory criteria for appointment of Lead Counsel. *See Nowak*, 240 F.R.D. at 361 (experience and knowledge of applicable law the "most persuasive" factor).

    In recognition of Lovell Stewart's knowledge and experience in this specialized area, prior to July 2007 Louis Burke, Esq., counsel in the *Calle Gracey* action, approached Christopher Lovell, the senior attorney of the Firm, about whether Mr. Lovell believed that Amaranth had manipulated natural gas futures prices and whether Mr. Lovell would be willing to file an action based upon information in hearings before the U.S. Senate. After investigating, including consultations with an economist, Mr. Lovell advised Mr. Burke that the situation was more complex than the Senate Report indicated, and more investigation was appropriate. Later, Mr. Lovell advised Mr. Burke that a representative of the Commodity Futures Trading Commission ("CFTC") had stated publicly that the CFTC intended to file more manipulation cases this year, that Mr. Lovell inferred that Amaranth was a likely candidate, and that the complexity of the Amaranth situation could be somewhat clarified by such a CFTC complaint.

    After Mr. Burke filed the *Calle Gracey* complaint in this Court on July 12, 2007, and the CFTC filed *CFTC v. Amaranth Advisors, L.L.C. et al.*, 07 Civ. 6682 (DC), also in this Court, a materially different case than that filed by Mr. Burke, Mr. Lovell advised Mr. Burke that our Firm was going to file manipulation claims on behalf of our clients, but that the claims appeared to be more complex and different than those in the *Calle Gracey* complaint. Those claims were, in fact, filed on August 24, 2007. However, without calling this Firm back and with knowledge that the Firm was going to file different manipulation claims on behalf of its clients, Mr. Burke, whose small firm had never served as Co-Lead Counsel in a commodities manipulation class action, apparently made an agreement with Lowey Dannenberg Bemporad Sellinger & Cohen, P.C. ("Lowey") (which had filed the *Special* Complaint on August 10, 2007) to be Co-Lead
John

---

    [1] In contrast to the federal securities law, the federal regulatory agency in the commodity futures markets has never won a contested case of manipulation, whereas private plaintiffs have successfully tried such claims. *Compare Strobl v. New York Mercantile Exchange*, 768 F.2d. 22 (2d Cir. 1985) (denying JNOV on reportedly the first jury verdict under the Commodity Exchange Act, as amended) *with* Markham, *Manipulation of Commodity Futures Prices -- The Unprosecutable Crime*, 8 YALE J. ON REGULATION 281, 356 (1991).
    Christopher Lovell has successfully tried and defended commodities futures manipulation claims in this District and before the CFTC. *See, e.g., Strobl, supra.*

LOVELL STEWART HALEBIAN LLP

Hon. Shira A. Scheindlin
September 11, 2007
Page 3 of 3

Counsel. Without filing a motion on the public docket, they obtained the Court's approval of the PTO, entered on the docket on August 27, 2007.

    I asked Mr. Burke on September 8 if he would agree to Lovell Stewart's appointment as Co-Lead Counsel in the best interests of the Class given all the circumstances. Mr. Burke replied that he would require "an established financial agreement in writing" concerning the division of attorney's fees in the case as a condition to consenting to such an agreement. Bartering a division of fees as a condition to allowing the best representation of the Class is nonsense and tends to supersede Section IX. of the PTO (requiring the maintenance of time records). Because such an agreement would not be in the interests of the potential Class, this Firm regrets that we have been unable to resolve the matter with Mr. Burke, and must proceed by this motion conference.

    In these circumstances, plaintiffs Martin and Dax Partners respectfully request a pre-motion conference at which they will seek leave to move to vacate the PTO and to appoint Lovell Stewart as a Lead Counsel.

    Finally, with respect to factor 1 under Rule 23(g), the best interests of the potential Class are not served by detailing here the relative merits or demerits of the three complaints on file because such criticisms may be used or quoted by defendants against the Class' interests later in the action.[2]

Respectfully submitted,

Gary S. Jacobson / TTS
Gary S. Jacobson

Enclosure

cc (w/enc.)(by FedEx):
| | | |
|---|---|---|
| Geoffrey M. Horn, Esq. | Bernard Persky, Esq. | Steven Schwartz, Esq. |
| Louis F. Burke, Esq. | Samuel Rudman, Esq. | |
| Christopher J. Gray, Esq. | Daniel J. Toal, Esq. | |

---

[2] Because the methods of "manipulation are limited only by the ingenuity of man," *Cargill, Inc. v. Hardin*, 452 F.2d 1154, 1163 (8th Cir. 1971), *cert. denied sub nom. Cargill, Inc. v. Butz*, 406 U.S. 932 (1972), courts and the CFTC have purposely avoided defining "in an exclusive or other limiting fashion what constitutes manipulation." *In re Sumitomo Copper Litig.*, 182 F.R.D. 85, 90 (S.D.N.Y. 1998). Although Mr. Burke or the Lowey firm could well file a complaint that is different from the way that this Firm, in its best judgment, would determine to do so, we believe strongly that it is critical in the early handling of this action that the claims and strategy reflected in the *Martin* complaint be adopted instead of the different complaints by Mr. Burke and Lowey.

*Plaintiffs' request for a pre-motion conference is granted. A conference is hereby scheduled for September 19, 2007, at 2:00 p.m.*

*SO ORDERED:* [signature]

*Date: Sept. 12, 2007*    Shira A. Scheindlin, USDJ