```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO E. CALLE GRACEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMARANTH ADVISORS, LLC, NICHOLAS M. MAOUNIS, J.P. MORGAN CHASE & CO., and JOHN DOES NOS. 1-10,<br><br>Defendants. | Case No. 07 Civ. 6377 (SAS)<br><br>**ECF Case**<br><br><br><br>JURY TRIAL DEMANDED |
| JOHN F. SPECIAL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMARANTH ADVISORS, L.L.C., AMARANTH LLC, AMARANTH GROUP INC., AMARANTH INTERNATIONAL LIMITED, AMARANTH PARTNERS LLC, AMARANTH CAPITAL PARTNERS LLC, AMARANTH ADVISORS (CALGARY) ULC, NICHOLAS M. MAOUNIS, BRIAN HUNTER, MATTHEW DONOHOE, ALX ENERGY, INC., JAMES DeLUCIA, J. P. MORGAN FUTURES, INC., and J. P. MORGAN CHASE & CO.,<br><br>Defendants. | Case No. 07 Civ. 7181 (SAS)<br><br>**ECF Case**<br><br><br><br>JURY TRIAL DEMANDED |

2026 / ORD / 00084092.WPD v1

| | |
|---|---|
| ALAN MARTIN and DAX PARTNERS LP, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>-against-<br><br>AMARANTH LLC, AMARANTH ADVISORS, L.L.C., AMARANTH ADVISORS (CALGARY) U.L.C., AMARANTH GROUP INC., AMARANTH INTERNATIONAL LIMITED, AMARANTH PARTNERS LLC, AMARANTH CAPITAL PARTNERS LLC, NICHOLAS M. MAOUNIS, BRIAN HUNTER, MATTHEW DONOHOE, J. P. MORGAN CHASE & CO., J. P. MORGAN CHASE BANK, INC., J. P. MORGAN FUTURES, INC., AND JOHN DOES NOS. 1-10,<br><br>                      Defendants. | Case No. 07 Civ. 7592 (SAS)<br><br>**ECF Case**<br><br>JURY TRIAL DEMANDED |
| GREGORY H. SMITH, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>AMARANTH ADVISORS, L.L.C., AMARANTH LLC, AMARANTH MANAGEMENT LP, AMARANTH INTERNATIONAL LTD., AMARANTH PARTNERS LLC, AMARANTH CAPITAL PARTNERS LLC, AMARANTH GROUP INC., AMARANTH ADVISORS (CALGARY) ULC, BRIAN HUNTER, MATTHEW DONOHOE, NICHOLAS M. MAOUNIS, ALX ENERGY, INC., JAMES DeLUCIA, J.P. MORGAN FUTURES, INC., and J. P. MORGAN CHASE & CO.,<br><br>                      Defendants. | Case No. 07 Civ. 7943 (SAS)<br><br>**ECF Case**<br><br>JURY TRIAL DEMANDED |

## [PROPOSED] REVISED PRETRIAL ORDER NO. 1

**WHEREAS**, the above captioned actions are presently pending before this Court;

**WHEREAS**, in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide for the consolidation of the above-captioned actions and any related actions filed or transferred to this Court after the date of this Order ("Consolidated Action") for pre-trial purposes and for an organization of Plaintiffs' counsel to coordinate the efforts of counsel in the Consolidated Action.

**ACCORDINGLY**, and for Good Cause Shown,

**IT IS HEREBY ORDERED THAT:**

### I. CONSOLIDATION OF ACTIONS

1.  The following actions are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure: *Roberto E. Calle Gracey v. Amaranth Advisors LLC, et al.*, Case No. 07 Civ. 6377, *John F. Special v. Amaranth Advisors L.L.C.*, Case No. 07 Civ. 7181, *Alan Martin and DAX Partners LP v. Amaranth Advisors L.L.C. et al.*, Case No. 07-Civ. 7592, and *Gregory H. Smith v. Amaranth Advisors L.L.C.*, Case No. 07 Civ. 7943. The current actions and those of a like nature that may be consolidated with the current actions are collectively referred to as "IN RE: AMARANTH NATURAL GAS COMMODITIES LITIGATION," Master File No. 07 Civ. 6377 (SAS).

2.  This Order is made without prejudice to the right of any party to apply for appropriate relief in, or with respect to, the consolidated Action.

### II. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1.  A Master Docket is hereby established for the proceedings both in the actions consolidated herein and in all other cases subsequently consolidated herewith (hereinafter, "the consolidated actions"). Entries in said Master Docket shall be applicable to these consolidated

actions as more fully set forth below. Separate dockets shall also be maintained for each of these consolidated actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

2. When a pleading is filed and the caption, pursuant to Section VI, infra, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed, nor docket entries made.

### III. MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for these consolidated actions. The Master File shall be Civil Action No. 07 Civ. 6377. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of these consolidated actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of these consolidated cases.

### IV. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for such action.

    b. Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the actions consolidated herewith.

    c. Make an appropriate entry in the Master Docket.

    d. Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

    e. Upon the first appearance of any new defendant(s) mail to the attorneys

for the defendant(s) in such newly filed or transferred case a copy of this Order.

2. Counsel for plaintiffs and defendants in the consolidated actions shall cooperate in calling to the attention of the Clerk any newly filed or transferred case.

V. **APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES**

This Order shall apply to each case alleging claims similar to those set forth in these consolidated actions, which is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

VI. **CAPTIONS OF CASES**

1. Every pleading filed in these consolidated actions or in any separate action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: AMARANTH NATURAL GAS COMMODITIES LITIGATION<br><br>This Document Relates To: | MASTER FILE<br>NO. 07-CV-6377 |
|---|---|

2. When a pleading is intended to be applicable to all actions to which this Order is applicable, the words, "All Actions" shall appear immediately after the words, "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the name of the named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described

above, *e.g.*, "Civil Action No. 07-_____."

## VII. FILING AND DOCKETING

1. When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to "All Actions," the Clerk shall file such paper in the Master File and note such filing in the Master Docket. No further papers need be filed or docket entries made.

2. When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to less than all of the consolidated actions, the Clerk shall file the original of such paper in the Master File and a copy in the file of each specific action to which the paper is intended to be applicable, and shall note such filing in the Master Docket and in the docket of each such action. It shall be the responsibility of the party filing such paper to supply the Clerk with sufficient copies of any document to facilitate compliance with the directions of this paragraph.

## VIII. ORGANIZATION OF COUNSEL

1. Pursuant to Fed. R. Civ. P. 23 (g)(2), the Court designates Louis F. Burke, P.C., Lowey Dannenberg Bemporad Selinger & Cohen, P.C., and Lovell Stewart Halebian LLP as Co-Lead Counsel to act on behalf of all Plaintiffs in the consolidated cases, with the responsibilities hereinafter described.

2. Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution of or resolution of their respective cases.

3. No motion shall be initiated or filed on behalf of any Plaintiff in the case except through Co-Lead Counsel.

4. Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel in their respective cases.

5. Co-Lead Counsel is authorized to create committees of plaintiffs' counsel as it deems appropriate for the efficient prosecution of this action. Any such committee shall operate under the direct supervision of Co-Lead Counsel.

6. Subject to any restrictions agreed upon or set forth in a protective order, all discovery obtained by any Plaintiff in these cases may be shared with any other Plaintiff. All discovery obtained by any Defendant in these cases shall be deemed discovered in each of these cases.

7. All counsel shall make best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action, or as to which there is a genuine and substantial disagreement among counsel.

8. Nothing herein shall limit the requirements on plaintiffs and plaintiffs' counsel set forth in Fed. R. Civ. P. 23.

## IX. TIME RECORDS

All plaintiffs' counsel shall submit to Co-Lead Counsel a record of the time expended and expenses incurred by their respective firms in the form set forth by Co-Lead Counsel on a monthly basis and Co-Lead Counsel shall determine if the time expended is appropriate.

X.  **SERVICE OF DOCUMENTS**

   A.  <u>Orders</u>.  A copy of each order will be provided to Co-Lead Counsel for distribution as appropriate to other counsel and parties.  A copy shall also be provided to counsel for Defendants.

   B.  **Pleadings, Motions, and Other Documents**.  The parties shall effect service of papers on each other by serving a copy of the paper by e-mail delivery.

XI.  **ADMISSION OF ATTORNEYS**

   Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or a defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings upon the proper filings and payment of fees as provided by this Court's Local Rules.

XII.  **CONSOLIDATED CLASS ACTION COMPLAINT**

   1.  Plaintiffs shall file a Consolidated Class Action Complaint ("Consolidated Complaint") on behalf of all Plaintiffs in the Consolidated Action on October 15, 2007.  Defendants shall answer, move, or otherwise plead to the Consolidated Complaint by January 15, 2008.  If Defendants, or any of them, file a motion under Rule 12 of the Federal Rules of Civil Procedure, Plaintiffs shall respond to the motion by March 14, 2008.  Moving Defendants' reply brief shall be due by April 15, 2008.  Defendants shall have no obligation to answer, move, or otherwise plead with respect to any of the previously filed complaints in the Consolidated Action.  All other scheduling matters relating to, *inter alia*, discovery and motions, including class certification, will be addressed by the Court in a subsequent order.

2.  The Court's Order dated August 14, 2007 is hereby vacated and the pretrial conference set for September 11, 2007 is adjourned *sine die*.

Dated: Sept. 19, 2007

SHIRA A. SCHEINDLIN
United States District Judge

USDSDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/19/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

ROGER EGAN,

           Plaintiff,

    - against -

MARSH & MCLENNAN COMPANIES, INC.,

           Defendant.

---------------------------------------- x

**SCHEDULING ORDER**

07 Civ. 7134 (SAS)

Conference Date: September 19, 2007

    WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on August 27, 2007 (the "Order"); and

    WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

    NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

1.    the date of the conference and the appearances for the parties:

    a.    The date of the conference is September 19, 2007.

    b.    Appearing for the parties are:

        <u>For the plaintiff</u>:
        Peter N. Wang, Esq.
        Jeremy L. Wallison, Esq.
        Attorneys for Plaintiff
        90 Park Avenue
        New York, New York 10016
        (212) 682-7474

i

>For the defendant:
>Barry H. Berke, Esq.
>Robert N. Holtzman, Esq.
>Attorneys for Defendant
>1177 Avenue of the Americas
>New York, New York 10036
>(212) 715-9100

2.    a concise statement of the issues as they then appear to each party:

    a.    <u>The issues as they now appear to the plaintiff</u>:

Plaintiff, whose employment by defendant was constructively terminated after 32 years, seeks to enforce his rights under certain restricted stock and restricted stock unit awards, his rights to receive certain pension and severance benefits, and the rights conferred on him by virtue of defendant's promise that it would negotiate a generous separation agreement with him. Plaintiff has asserted claims sounding in breach of contract and promissory estoppel.

    b.    <u>The issues as they now appear to the defendant</u>:

Plaintiff Roger Egan, the former president and chief operating officer of Marsh, Inc. ("Marsh"), a subsidiary of MMC, was asked to step down from his position on November 8, 2004 because he was accountable for the areas within Marsh that were the focus of investigations by the New York Attorney General's office. A month later, MMC allegedly denied plaintiff access to MMC's offices, email and personal files but continued to employ him. Plaintiff resigned from MMC on April 8, 2005, citing his desire to "get on with [his] life." A few days later, it was announced that plaintiff would serve as the Chief Executive Officer of Integro, a newly-formed insurance brokerage and risk management firm that directly competes with Marsh.

More than two years later, on July 11, 2007, plaintiff bypassed all administrative claims procedures and sued MMC in state court, seeking benefits under MMC's severance plans, equity plan, and retirement program. He also brings a promissory estoppel claim alleging that Michael Cherkasky, the Chief Executive Officer of MMC, promised him that MMC would provide him with a "generous settlement." On August 10, 2007, MMC removed the action to this Court.

On September 10, 2007, MMC moved to dismiss plaintiff's Second, Third, and Fourth Causes of Action and portions of his First Cause of Action because such claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, or otherwise fail to state a claim upon which relief may be granted. Congress has expressly determined that claims such as plaintiff's that relate to employee benefit plans are to be uniformly evaluated under ERISA, rather than various state laws. Moreover, under ERISA, exhaustion of administrative remedies is mandated before filing such a claim — another requirement ignored by plaintiff — in order to place with claim administrators, not the courts, responsibility for initially evaluating benefit claims, especially where interpretation of the plan terms are necessary, and to ensure that there is a complete record that is ripe for judicial review.

Briefing for the motion to dismiss is expected to be completed on October 24, 2007.

3. a schedule including:

    a. the names of persons to be deposed and a schedule of planned depositions:

        (i) As of the date hereof, plaintiff seeks to depose:

| | |
|---|---|
| (1) | Lewis Bernard |
| (2) | Peter Beshar |
| (3) | Francis Bonsignore |
| (4) | Sarah Bott |
| (5) | Mathis Cabiallavetta |
| (6) | Michael Cherkasky |
| (7) | Charles Davis |
| (8) | Oscar Fanjul |
| (9) | Peter Garvey |
| (10) | Jeffrey Greenberg |
| (11) | Ray Groves |
| (12) | Stephen Hardis |
| (13) | Bob Khana |
| (14) | Kay Kimme |
| (15) | Leon Lichter |
| (16) | William Malloy |
| (17) | Philip Moyles, Jr. |
| (18) | Robert Newhouse |
| (19) | Barbara Pearlmutter |
| (20) | Michael Petrullo |
| (21) | William Rosoff |
| (22) | Thomas Sansone |
| (23) | Morton Schapiro |
| (24) | Bart Schwartz |
| (25) | Brandon Schweitzer |
| (26) | John Sinnott |
| (27) | Walter Tomenson, Jr. |
| (28) | Christopher Treanor |
| (29) | Additional third party witnesses to be identified. |

KL3 2614200.2

  (ii)  As of the date hereof, defendant seeks to depose:

    (1)  Roger Egan
    (2)  Robert Clements
    (3)  Peter Garvey
    (4)  William Goett
    (5)  Frank Gundersen
    (6)  Jeffrey Wingate
    (7)  Additional third party witnesses to be identified.

  (iii)  Defendant maintains that discovery should be deferred until after resolution of its Motion to Dismiss parts of the First Cause of Action and the entirety of the Second, Third, and Fourth Causes of Action alleged in the complaint. (*See* ¶ 5.) Plaintiff opposes this request. In the event the Court determines that discovery should proceed at this time, the parties agree that depositions of fact witnesses shall be completed by March 14, 2008.[1]

b. a schedule for the production of documents:

  (i)  Document production will be concluded by December 1, 2007.

c. dates by which (i) each expert's report will be supplied to the adverse side and (ii) each expert's deposition will be completed:

  (i)  The parties shall supply to opposing counsel any expert reports in support of their affirmative claims by April 1, 2008 and any rebuttal reports by May 1, 2008.

  (ii)  The parties shall complete depositions of experts by June 1, 2008.

d. time when discovery is to be completed:

  (i)  Discovery shall be completed by June 1, 2008.

---

[1] Similarly, the parties provide proposed dates as set forth below without prejudice to defendant's contention that discovery should be deferred.

- e. the date by which plaintiff will supply its pre-trial order matters to defendant:

    (i) Plaintiff shall supply its pre-trial order matters to defendant by July 1, 2008.

- f. the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial:

    (i) The parties shall submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed finding of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial by August 1, 2008.

- g. a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

4. a statement of any limitations to be placed on discovery, including any protective or confidentiality orders:

    a. The parties agree to continue to meet and confer about whether to execute a confidentiality order.

    b. The parties further agree to meet and confer regarding third-party discovery, particularly as it relates to the production of documents by Integro Insurance Brokers ("Integro") and depositions of Integro employees.

v

5.  a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

   a.  Counsel conferred in good faith and were unable to reach an agreement regarding whether discovery should commence before the Court rules on defendant's Motion to Dismiss.

6.  anticipated fields of expert testimony, if any:

   a.  The parties anticipate expert discovery relating to plaintiff's alleged damages.

7.  anticipated length of trial and whether to court or jury:

   a.  Plaintiff anticipates a five day trial to a jury.  *Jury / Non-jury*

   b.  Defendant anticipates an eight day trial. With respect to the portions of the First Cause of Action relating to Egan's Special Severance Pay Plan and to the Second Cause of Action, defendant agrees that these issues should be tried before a jury. With respect to plaintiff's other claims in the First Cause of Action, as well as the Third and Fourth Causes of Action, defendant maintains that these issues should be decided by the Court.

vi

KL3 2614200.2

8.    a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires:

    a.    The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: New York, New York
        September 19, 2007

Foley & Lardner LLP

By: _____
Peter N. Wang (PW 9218)
Jeremy L. Wallison (JW 6707)
Attorneys for Plaintiff
90 Park Avenue
New York, New York 10016
(212) 682-7474

Kramer Levin Naftalis & Frankel LLP

By: _____
Barry H. Berke (BB 1421)
Robert N. Holtzman (RH 9525)
Jennifer Rochon (JR 3097)
Attorneys for Defendant
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

SO ORDERED:

_____ 9/19/07
SHIRA A. SCHEINDLIN
U.S.D.J.

KL3 2614200 2